IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDDIE LEE WALLACE, TDCJ #01383446, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-2849 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Freddie Lee Wallace (TDCJ #01383446) has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), challenging the validity of a state court conviction under 28 U.S.C. § 2254. He has also filed Petitioner's "Memorandum of Law in Support of his 28 U.S.C. 2254 Writ of Habeas Corpus" (Docket Entry No. 2) and a "Motion Requesting [Leave to File] Additional Pages for his 2254 Writ of Habeas Corpus" (Docket Entry No. 3), which seeks permission to file pleadings in excess of 20 pages. After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will dismiss this case for the reasons explained below.

## I. **Background**

Wallace is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a conviction and life sentence that he received on July 31, 2006, in Brazos County Cause No. 05-03424.[1] Court records reflect that Wallace was convicted of aggravated sexual assault in that case, which was affirmed on direct appeal in 2009. See Wallace v. State, No. 10-08-00357-CR, 2009 WL 2397319, at *1 (Tex. App. — Waco Aug. 5, 2009, pet. ref'd).

On July 28, 2019, Wallace executed the pending Petition for a federal writ of habeas corpus to challenge his conviction in Cause No. 05-03424.[2] Wallace contends that he is entitled to relief for the following reasons: (1) he was denied effective assistance of counsel at trial; (2) he was denied effective assistance of counsel on appeal when his attorney filed an Anders brief; and (3) his punishment was improperly enhanced with "extraneous offenses" that were remote in time.[3]

Because Wallace challenges a conviction and sentence entered more than 10 years ago, the pending Petition appears to be barred by the governing one-year statute of limitations. See 28 U.S.C.

---

[1]Petition, Docket Entry No. 1, pp. 1-2. For purposes of identification all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2]Petition, Docket Entry No. 1, p. 10.

[3]Id. at 6-7.

§ 2244(d)(1)(A). More importantly, this is not the first federal habeas corpus proceeding that Wallace filed to challenge his conviction in Brazos County Cause No. 05-03424.

Court records confirm that Wallace filed a previous federal habeas corpus proceeding in this district, which challenged the same conviction entered against him in Cause No. 05-03424. The district court granted the respondent's motion for summary judgment and dismissed that case with prejudice as barred by the governing statute of limitations on April 24, 2018.[4] See Wallace v. Davis, Civil No. H-17-3119 (S.D. Tex.) (Docket Entry No. 18).

## II. Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief. Before a second or successive application permitted by this section may be filed in the district court the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). If the pending Petition qualifies as a successive writ application, this court has no jurisdiction to consider it absent prior authorization from the

---

[4]When asked in the form Petition whether he had previously filed a federal habeas petition attacking the same conviction, Wallace falsely replied "No." Petition, Docket Entry No. 1, p. 8.

Fifth Circuit. "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). A subsequent application is "second or successive" when it (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition" or (2) "otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Wallace's proposed claims depend on facts that were available to him at or around the time of his conviction or his direct appeal and could have been presented previously. Because these claims could have and should have been raised long ago, the pending Petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. See Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending Petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this court can consider

it.  See 28 U.S.C. § 2244(b)(3)(A).  There is no record showing that he has requested or received the requisite authorization. Absent such authorization this court lacks jurisdiction over the Petition, which must be dismissed as an unauthorized successive writ.

### III. **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to show that "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 137 S. Ct. 759, 773 (2017) (citation and internal quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). Because jurists of reason would not debate whether the Petition was successive, a certificate

of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus filed by Freddie Lee Wallace (Docket Entry No. 1) is **DISMISSED without prejudice**.

2. A certificate of appealability is **DENIED**.

3. To the extent that it is not moot, Wallace's "Motion Requesting [Leave to File] Additional Pages for his 2254 Writ of Habeas Corpus" (Docket Entry No. 3) is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 6th day of August, 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE